IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAYNE JOINER, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-1975-N |
| | ) | |
| VETERAN ADMINISTRATION MEDICAL | ) | |
| CENTER, ET AL., | ) | |
|       Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.     Factual background:**

On October 16, 2009, Plaintiff filed this complaint against the Veterans Administration Medical Center, the Chief Executive Officer of the Veterans Medical Center and Doctor Nisha Khannatt.

Plaintiff alleges he received inadequate medical care at the Veterans Administration Medical Center in Dallas, Texas.  He also states that a nurse stole money from him during his stay at the Medical Center.  Plaintiff seeks money damages.

**II.    Screening:**

The terms of 28 U.S.C. § 1915(e)(2)(B)(I) authorize a federal court to dismiss an action in which the Plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious.  Under this standard, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those which clearly

lack any basis in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.C. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.C. 1827, 1831-32 (1989). A claim is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986).

### **III.**    **Discussion:**

Plaintiff raises medical malpractice and theft claims against Defendants. Under the Federal Tort Claims Act ("FTCA"), exhaustion of administrative remedies is a prerequisite to filing suit. *See* 28 U.S.C. § 2675(a). Prior to filing suit in federal court, a plaintiff must show that he filed an administrative claim with the appropriate federal agency and either obtained a written denial of the claim, or that at least six months have passed with no decision. *Id*. Failure to completely exhaust administrative remedies prior to filing suit is a jurisdictional defect that cannot be cured by administrative exhaustion after filing suit. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995).

In this case, Plaintiff attaches correspondence addressed to the Chief Executive Officer of the Veterans Administration Medical Center in Dallas, Texas. The correspondence informs the Chief Executive Officer of Plaintiff's claims and is dated August 24, 2009. Plaintiff, however, has failed to attach any denial of his claims. He also filed this complaint prior to the required six month waiting period. Plaintiff's claims should therefore be dismissed without prejudice for failure to exhaust administrative remedies.

**RECOMMENDATION:**

The Court recommends that this case be dismissed without prejudice for failure to exhaust administrative remedies.

Signed this 18th day of November, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).